**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NUSCIENCE CORPORATION, a
California corporation,

              Plaintiff - Appellee,

   v.

ROBERT HENKEL,

             Defendant - Appellant.

No. 12-56405

D.C. No. 2:08-cv-02661-GAF-
FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted August 8, 2014
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

   Robert Henkel appeals the district court's denial of his motion to set aside

the default judgment against him and to dismiss the underlying action against him

for lack of personal jurisdiction. Because Henkel's notice of appeal was untimely,

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

we dismiss his appeal for lack of jurisdiction. We also deny NuScience Corporation's motion for appellate sanctions.

Notice of appeal must be filed "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Henkel filed his notice of appeal on July 30, 2012, more than 30 days after the district court's June 15, 2012 order denying the motion to vacate default judgment. Henkel's appeal was therefore untimely.

Henkel's time to appeal was not tolled by his attorney Stephen Abraham's Rule 60(b) motion requesting relief from the district court's order holding Abraham in contempt. The district court's June 15 ruling contained two orders: (1) an order denying Henkel's motion to vacate the default judgment, and (2) an order finding Abraham in contempt of court. Abraham's Rule 60(b) motion for relief from the contempt order could toll the time to file an appeal only from the disposition underlying his Rule 60(b) motion—the district court's order holding Abraham in contempt. Fed. R. App. P. 4(a)(4)(A)(vi). While the district court's order denying Henkel's Rule 60(b) motion to vacate was set forth in the same document as the district court's order of contempt against Abraham, that fact does not make them the same order. The Federal Rules of Civil Procedure do not require courts to file a separate document for an order disposing of a Rule 60

2

motion. Fed. R. Civ. P. 58(a)(5). Henkel did not file a Rule 60 motion or any other tolling motion in the district court in response to the order denying his motion to vacate default judgment. Therefore, the clock ran on his time to file an appeal from that order, rendering this appeal untimely. We therefore lack jurisdiction to entertain this appeal. *Browder v. Dir., Dept. of Corr. of Ill.*, 434 U.S. 257, 264 (1978) ("This 30-day time limit [on filing notice of appeal] is mandatory and jurisdictional." (internal quotation marks omitted)).

While we agree with NuScience that Henkel's appeal was untimely, we do not believe Henkel's appeal was so frivolous as to warrant appellate sanctions under Federal Rule of Appellate Procedure 38. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1417 (9th Cir. 1990) ("An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit."). Nor were the deficiencies in Henkel's excerpts of record egregious enough to warrant sanctions under Circuit Rule 30.

Appeal **DISMISSED**; motion for appellate sanctions **DENIED**.

3